UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laura L. Vitale )<br><br>    Plaintiff )<br><br>vs. )<br><br>Blatt, Hasenmiller, Leibsker & Moore LLP, and John )<br>And Jane Does 1 – 10 )<br><br>    Defendants ) | CASE NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br><br>FILED: AUGUST 17, 2008<br>08CV4674<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE BROWN<br>JH |

## COMPLAINT

## PRELIMINARY STATEMENT AND INTRODUCTION

1.  This petition is an action for statutory and actual damages brought by an individual consumer Laura L. Vitale ("Plaintiff") against Blatt, Hasenmiller, Leibsker & Moore LLP, and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"); to obtain injunctive relief and for declaratory relief. This petition is also an action for statutory and actual damages under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* and pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* ("UDTPA") which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

## JURISDICTION / VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

3.  Venue is proper in this District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## PARTIES

4.     The Plaintiff, Laura L. Vitale, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Illinois. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under 815 ILCS 505 § 1(c).

5.     Defendant Blatt, Hasenmiller, Leibsker & Moore LLP is a limited liability partnership engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a corporation defined under 815 ILCS 510 § 1(5), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 125 South Wacker Drive, Suite 400, Chicago, Illinois 60606-4440.

6.     Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. § 1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

7.     Sometime prior to 2007, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Bank of America credit card in the approximate amount of $32,034.29, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

9.     On or about December 9, 2006, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit A attached hereto and incorporated as if fully stated herein.

10.     The original creditor, Bank of America, never provided verification or validation of the

alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

11. On or about August 22, 2007, Defendant **Blatt, Hasenmiller, Leibsker & Moore LLP** (hereinafter "**BHLM**"), caused to be sent to Plaintiff, an initial communication in an attempt to collect this alleged debt. See Exhibit B attached hereto and incorporated as if fully stated herein.

12. In response to this collection letter, on or about September 10, 2007, Plaintiff sent a written notice to **BHLM** disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 *et seq.*, (see Exhibit C attached hereto and incorporated as if fully stated herein).

13. Despite the fact that Plaintiff had disputed the debt, on or about September 25, 2007, a representative from Defendant **BHLM** who refused to give her name to Plaintiff, calling from phone number 312-704-9440, called Plaintiff at her home concerning collection of the alleged debt, in violation of 15 U.S.C. §§ 1692c(c) and 1692d(6), amongst others.

14. The caller insulted Plaintiff and demanded Plaintiff's office telephone number in violation of 15 U.S.C. §§ 1692d and 1692d(2) and threatened to take money from Plaintiff's check in violation of 15 U.S.C. §§1692e, 1692e4, 1692e5, 1692e10 and 1692f.

15. Defendants **BHLM** failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. §§ 1692, *et seq.* and 1692g (b).

16. Despite having disputed this debt in writing to the original creditor and Defendants **BHLM** previously, and the original creditor and Defendants **BHLM** failing to provide verification and validation of the debt, Defendants **BHLM** subsequently filed a civil complaint in the name of an alleged creditor on or about January 14, 2008, seeking full payment in the amount of $37,685.79. See Exhibit D attached hereto and incorporated as if fully stated herein.

17. Defendants **BHLM** have continued to pursue collection activity on the alleged debt and have initiated a judicial proceeding wherein they have willfully and materially failed to disclose that they are attempting to collect an amount that was disputed to their alleged creditor client in violation of the Fair Credit Billing Act. In addition Defendants have also failed to report to any third party credit reporting agency ("CRA") that the alleged debt is disputed in violation of 15 U.S.C. § 1692e(8).

18. Defendants **BHLM** have a duty to comply with these restrictions on reporting of disputed amounts to the state court and any CRA, and their failure to do so is contrary to federal

and state credit statutes and makes them liable under 815 ILCS 505 § 2E.

19.  Defendants **BHLM** knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written agreement with a bona fide signature of the Plaintiff.

20.  Defendants' actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

### SUMMARY

21.  All of the above-described collection communications and actions made to and about Plaintiff by Defendant **BHLM** and other employees and/or agents employed by the Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions and 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f. 1692f(1), and 1692g(b), amongst others.

22.  The above-detailed conduct of the Defendant in an effort to collect this debt was an invasion of Plaintiff's privacy by an intrusion upon her seclusion and by violating Plaintiff's right to be let alone and has resulted in actual damages to Plaintiff.

23.  The series of abusive collection efforts by Defendant caused Plaintiff to become upset, embarrassed and humiliated and to suffer severe mental distress and mental and physical pain.

24.  Defendant's repeated attempts to collect this debt from Plaintiff were an invasion of Plaintiff's state law right of privacy and her right to be left alone.

25.  Defendant's illegal, abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress suffered by the Plaintiff.

26.  Plaintiff has suffered actual damages as a result of these illegal collection communications and activities from this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of her personal privacy.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Constitution. Amendment 7, Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 .S.C. §1692, *et seq.*

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq.,* with respect to Plaintiff.

30. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

31. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

32. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

34. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of**

**individual privacy.**

15 U.S.C. §1692(a) (Emphasis added.)

35. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy and right to be left alone.

36. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

37. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

38. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by this Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

39. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT: 815 ILCS 505 *et seq.*

40. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* provides at § 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

42. Debt collection is a service within the scope of "trade and commerce" as that term is defined under 815 ILCS 505 § 1(f) and at issue in this case, generally this service affects commerce and trade in this state.

43. The conduct described in the above paragraphs is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

44. Defendants unfair methods and deceit make them liable to Plaintiff under 815 ILCS 505
§ 2F.

## COUNT IV

## VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT:
### 815 ILCS 510 *et seq.*

45. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully
stated herein.

46. The conduct described in paragraphs 1- 26 above has caused actual confusion or actual
misunderstanding as to the source, sponsorship, approval, or certification of services
within the scope of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

47. Said conduct is generally and specifically within the meaning of the Uniform Deceptive
Trade Practices Act, 815 ILCS 510 *et seq.* and in the course of business that is prohibited,
unfair, and deceptive.

48. The foregoing acts and omissions of the Defendants were undertaken by it willfully,
persistently, intentionally, and knowingly as part of their routine debt collection business,
and Plaintiff relied upon such representations as being lawful, yet such conduct is
prohibited.

49. The conduct described in paragraphs 1 - 26 has tremendous potential to be repeated
where other consumers similarly situated will be treated with the same unscrupulous,
unethical, unfair and deceptive acts and practices.

50. Defendants' unfair and deceptive acts have proximately caused emotional and actual
damage and Defendants are liable to the Plaintiff for such injury.

## DECLARATORY AND INJUNCTIVE RELIEF

51. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully
stated herein.

52. There exists a dispute over whether Defendants have violated the FDCPA, the UDTPA
and the Consumer Fraud and Deceptive Business Practices Act.

53. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that
Defendants violated the FDCPA, the Consumer Fraud and Deceptive Business Practices
Act, 815 ILCS 505 *et seq.*, and the UDTPA, 815 ILCS 510 *et seq.*, and Plaintiff is
similarly entitled to an order enjoining said acts.

54. As a result of Defendants' actions, omissions, and violations, Plaintiff is entitled to
statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost

at work and litigating this matter.

55. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

## PRAYER FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692, *et seq.*

- For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiff;

- For an award of statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for Plaintiff;

- For such other and further relief as may be just and proper.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; and

- For such other and further relief as may be just and proper.

## COUNT III

## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT: 815 ILCS 505 *et seq.*

- Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate.

- For an award of actual damages from each and every Defendant and for the Plaintiff for each Defendant's violations of the Illinois Consumer Fraud and Deceptive Business

Practices Act in an amount to be determined at trial for Plaintiff;

- For an award of punitive damages from each and every Defendant and for the Plaintiff for each Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act in an amount to be determined at trial for Plaintiff;

- For an award of statutory damages against each and every Defendant and for the Plaintiff;

- Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

- Award Plaintiff reasonable attorney's fees and costs of this litigation;

- For such other and further relief as may be just and proper.

### COUNT IV

### VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT: 815 ILCS 510 *et seq.*

- Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate.

- For an award of actual damages from each and every Defendant and for the Plaintiff for each Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act in an amount to be determined at trial for Plaintiff;

- For an award of punitive damages from each and every Defendant and for the Plaintiff for each Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act in an amount to be determined at trial for Plaintiff;

- For an award of statutory damages against each and every Defendant and for the Plaintiff;

- Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

- Award Plaintiff reasonable attorney's fees and costs of this litigation;

- For such other and further relief as may be just and proper.

Dated:

August 15, 2008

Respectfully submitted,

Laura L. Vitale

## VERIFICATION

I, Laura L. Vitale hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Laura L. Vitale
1511 Gedern Drive
Columbia, Illinois 62236

Robert K. Lock, Jr., Esq.
Attorney for Plaintiff
7144 N. Harlem, #323
Chicago, Illinois
877-831-5588
206-330-6036 Fax

Richard J. Wasik, Esq.
Attorney for Plaintiff
1304 W. Washington, 1st Floor
Chicago, Illinois 60607
312-676-1885
312-564-4015 Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DIVISION OF ILLINOIS and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Blatt, Hasenmiller, Leibsker & Moore LLP
125 South Wacker Drive, Suite 400
Chicago, Illinois 60606-4440

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

Laura L. Vitale
1511 Gedern Drive
Columbia, Illinois 62236

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF ILLINOIS**                     )
                                          ) SS
**COUNTY OF** Monroe                      )

Plaintiff Laura L. Vitale, having first been duly sworn and upon oath, deposes and states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every Exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


8/15/08
Date                          Laura L. Vitale


Subscribed to and sworn to before me
This 15 day of August 2008.


Notary Public

ROBIN D. RUEGGE
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Jefferson County
My Commission Expires Sept. 20, 2011
Commission # 07200090

```
08CV4674
JUDGE BUCKLO
MAGISTRATE JUDGE BROWN
JH
```

Exhibit A

Bank of America
P.O. Box 15026
Wilmington, DE 19850-5026


December 9, 2006

RE     **NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF
       PERFORMANCE – Laura Vitale, ACCOUNT # 4313-0700-7301-8423**

Dear Sir/Madame:

I recently received your recent unsigned communication.   Please regard this
letter as a formal written Notice and Demand to BANK OF AMERICA for validation and adequate
assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this
matter, and I am of the opinion that BANK OF AMERICA may be in breach of the terms and conditions
of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full
disclosure of the material terms and conditions of the alleged original agreement, including the nature and
extent of any finance charges assessed on the above account.  In addition, I have reason to believe that
your company has failed to properly credit me for all revenues received by you related to this account.  In
the event that the application or other evidence of this account was monetized, securitized and/or sold,
please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have
questions regarding the validity of the debt you are alleging in the attached billing statement, and in order
to determine the validity of your presentment, and continue payment on the above-listed account, I will
require certain information to confirm your claim in this matter.  To that end, please forward the attached
affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the
signed, sworn affidavit, I will arrange for payments to resume on the above noted account.  In the event
that you are unable or unwilling to provide me adequate assurance of performance on this account, please
send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all
communications, acts or omissions may be used in litigation, including the filing of grievances and the
initiation of investigations at the Federal Trade Commission and other government bodies regarding your
non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003,
and other state and federal consumer protection laws.  Your failure to respond to this Notice and Demand
within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed
account, and will act as a confirmation that no further action will be taken on your part with respect to the
subject account.  Please also take notice that during the pendency of this dispute, no further payments will
be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for
purposes of the collection of a debt.

Respectfully,


Laura Vitale

# AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged BANK OF AMERICA account # 4313-0700-7301-8423 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged BANK OF AMERICA promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Laura Vitale (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by 'BANK OF AMERICA' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.


_____
Signature of Affiant


STATE OF _____    )
                        )    JURAT
COUNTY OF _____     )


        Subscribed and sworn to before me a notary public this ___ of _____ 2006.


_____
Signature of Notary

```
08CV4674
JUDGE BUCKLO
MAGISTRATE JUDGE BROWN
JH
```

Exhibit B

Law Offices

# Blatt, Hasenmiller, Leibsker & Moore LLC
125 South Wacker Dr. * Suite 400 * Chicago, Illinois 60606-4440
Phone 312/704-9440 * Outside Illinois 800/357-9609
Fax 312/704-9430

Ira F. Leibsker •
Leon W. Moore •
Kenneth R. Wake • ^ o

Frank A. Janello •
David M. Greenbaum ^
Marlaina C. Strunk •
Gregory R. Dye • +
Brian D. Maynard •
Kliment P. Mitreski • o
Mark J. Johnson •
Jacquelyn T. Vengal •
Jason M. Stubman •
Amber M. Stine '
Joshua Craig o
Raj Jutla •
Anna David •
Ron Z. Opher . – ^

LAURA L VITALE        1995143        08-22-07
1511 GEDERN DR
COLUMBIA IL 62236

Licensed in:
IL •, IN o
MI ^, OH +
AZ ' PA .
NJ ~

Reference #:  1995143
Creditor:      FIA CARD SERVICES, N.A. FKA MBNA AMERICA BANK, N.A.
Original Creditor:
Account #:    4313070073018423
Account Type: VISA CARD
Amount Due:  $ 37685.79
Debtor:       LAURA L VITALE

Please be advised that this firm represents the above named creditor. We have provided above the original
creditor name if applicable. Your account has been referred to this office for collection. As of this date,
you owe the Amount Due shown above. Because of interest, late charges, and other charges that may vary from
day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an
adjustment may be necessary after we receive your payment, in which case we will inform you before depositing
the check for collection. For further information, write this office or call us at 866-269-9861.

Demand is hereby made upon you for payment of the Amount Due. If you cannot make remittance of the total
Amount Due, but wish to make partial payment and discuss payment terms, call this office with your proposal.
You are hereby advised that this is an attempt to collect a debt, and that this firm is acting pursuant to
the Fair Debt Collection Practice Act, 15 U.S.C.A., Sec. 1692 et seq.; any information obtained will be used
for this purpose.

If you do not dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this
letter, we will assume it is valid. If you do dispute the validity of this debt, or any portion thereof,
please notify us in writing, within 30 days of receipt of this letter and we will mail verification of the
debt, or a copy of a judgment, if applicable, to you. We will also provide you with the name and address
of the original creditor, if different from the current Creditor, if you request the same from us, in writing,
within 30 days of receipt of this letter.

Thank You,

Blatt, Hasenmiller, Leibsker & Moore LLC

PLEASE INCLUDE YOUR REFERENCE # ON YOUR PAYMENT

BLD8A(08/01)AD1

Illinois            Indiana          Michigan          Arizona          Pennsylvania

```
08CV4674
JUDGE BUCKLO
MAGISTRATE JUDGE BROWN
JH
```

Exhibit C

Blatt, Hasenmiller, Leibsker & Moore, L.L.P.
125 South Wacker Dr.
Suite 400
Chicago, Illinois  60606-4440


Date September 10, 2007


NOTICE OF DISPUTE

**Re: Inquiry: Bank of America FIA Card Services account number
4313070073018423
Reference Number: 1995143**


Dear Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced account.
    I dispute this debt and refuse to pay it.

    Further, I never entered into an agreement to arbitrate any disputes on this account.


Respectfully,


Laura L. Vitale

```
08CV4674
JUDGE BUCKLO
MAGISTRATE JUDGE BROWN
JH
```

Exhibit D

1995143

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## MONROE COUNTY, ILLINOIS

# FILED

FIA CARD SERVICES, N.A. FKA MBNA AMERICA BANK, N.A.
    Petitioner

    vs.

LAURA L VITALE

    Respondents(s)

JAN 1 4 2008

Case No.: 08-LM-3

## APPLICATION TO CONFIRM ARBITRATION AWARD

**NOW COMES** the Petitioner, FIA CARD SERVICES, N.A. FKA MBNA AMERICA BANK, N.A., by and through its attorneys, Blatt, Hasenmiller, Leibsker & Moore, LLC, and requests this court to confirm an arbitration award in its favor and against the Respondent(s), LAURA L VITALE

In support thereof, Petitioner states:

1.    This application is filed pursuant to the Federal Arbitration Act, 9 USC Sec. 9.

2.    The Respondent(s) opened a charge account with Petitioner. Pursuant to the terms of the charge account agreement, the parties agreed to arbitrate any claim or disputes. A copy of the Charge Agreement is attached as Exhibit 1.

3.    The Petitioner elected arbitration when the Respondent(s) failed to pay as required by the charge account agreement. Attached hereto is a certified copy of the Arbitrator's Award entered by the National Arbitration Forum on JUNE 29, 2007. See Exhibit 2.

4.    The Arbitrator's Award is final, no application to vacate of modify the award having been filed pursuant to 9 USC Sec. 10 or 11.

5.    Allowing for all just claims and set-offs, the balance due on the award is $37685.79.

**WHEREFORE,** the Petitioner, FIA CARD SERVICES, N.A. FKA MBNA AMERICA BANK, N.A., prays that this court confirm the Arbitrator's Award in favor of the Petitioner and against the Respondent(s) in the amount of $37685.79 plus costs.

PKTCAC2I

Respectfully submitted,
FIA CARD SERVICES, N.A. FKA MBNA AMERICA BANK, N.A.

By: One of its attorneys

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Blatt, Hasenmiller, Leibsker & Moore, LLC
Attorneys for Petitioner
211 Landmark Drive Suite E5
Normal, Illinois 61761
(309) 268-4100



**NATIONAL ARBITRATION**
# FORUM

FIA Card Services, N.A., fka MBNA America Bank, N.A.
c/o Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
702 King Farm Blvd, Two Irvington Centre
Rockville, MD 20850-5775

CLAIMANT(s),

AWARD

RE:    FIA Card Services, N.A., fka MBNA America Bank, N.A. v Laura L Vitale
       File Number: FA0702000919104
       Claimant Account Number: 4313070073018423

Laura L Vitale
1511 Gedern Dr
Columbia, IL 62236

RESPONDENT(s).

The undersigned Arbitrator in this case FINDS and CONCLUDES:

Case Summary

1.   The Claimant has filed a Claim with the National Arbitration Forum.
2.   After Proof of Service of the Claim was filed with the Forum, the Forum mailed to Respondent a Second Notice of Arbitration.
3.   An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
4.   The Parties have had the opportunity to present all evidence and information to the Arbitrator.
5.   The Arbitrator has reviewed all evidence submitted in this case.

Decision

1.   The Arbitrator knows of no conflict of interests that exist.
2.   This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
3.   The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.
4.   On or before 02/15/2007 the Parties entered into a written agreement to arbitrate their dispute.
5.   No Party has asserted that this Arbitration Agreement is invalid or unenforceable.
6.   The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
7.   This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.
8.   This matter has proceeded in accord with the applicable Forum Code of Procedure Rules.
9.   The evidence submitted supports the issuance of this Award.
10.  The applicable substantive law supports the issuance of the Award.

Therefore, the Arbitrator ISSUES:
An Award in favor of the Claimant, for a total amount of $37,685.79.

Entered and Affirmed in the State of Illinois

_____
Leo J. Jordan, Esq.
Arbitrator

Date: 06/29/2007

ACKNOWLEDGEMENT AND CERTIFICATE
OF SERVICE
This Award was duly entered and the Forum hereby certifies that
pursuant to the Parties' Arbitration Agreement, a copy of this Award
was sent by first class mail postage prepaid to the Parties at the above
referenced addresses, or their Representatives, on this date.

_____
Honorable Harold Kuhns, Ret.
Director
Date 07/03/2007

Ex #2